TORBERT, Chief Justice
(dissenting).
My disagreement with the majority centers on the proposition that permitting by discovery the disclosure of the identity of the adoptive parents is completely unnecessary to determine the validity, vel non, of the adoption proceedings.
This Court should recognize that the only issue is whether the adoption is valid. If it is not valid, then the natural parents are entitled to the custody of the child. That result would follow without regard to the identity of the adoptive parents or their relative fitness as parents. Conversely, if the adoption is valid, then the adoptive parents are entitled to the custody of the child. This result would follow, again, without regard to the identity of the adoptive parents; the identity and relative fitness of the adoptive parents would be of no legal significance so far as the natural parents are concerned.
*268 There is no need to disclose the adoptive parents’ identity. To do so may well destroy their ability to function as parents of this particular child, even if the court ultimately upholds the adoption.
All the trial court needs to do is to determine whether there was a consent (or valid waiver) by the natural father sufficient to support the adoption (the natural mother’s consent apparently being uncontroverted). The record before the Court in the first case showed that the natural father had in fact given his written consent to the adoption, but later denied intending to consent. The trial court needs to make a ruling in this regard, and to do so it is not at all necessary to identify the adoptive parents.
The adoptive parents entered the parental relationship in reliance upon the promise that the state (with the Catholic Service Agency acting as the state’s agent) would respect their anonymity. I think this Court and the trial court should respect that promise — especially when disclosure is not necessary to a determination of the ultimate issue.
The last sentence of this Court’s earlier opinion stated: “The Family Court is also to determine if there has been a valid waiver of rights made by the petitioners.” To make that determination, it is not necessary to disclose the adoptive parents’ identity. If the trial court determines there was a waiver, then there would be no more issues to decide. Then the identity of the adoptive parents would be of no legal consequence whatever to the natural parents, and they would be entitled to remain forever anonymous.
FAULKNER, J., concurs.